IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LORELEI AKI SAKUGAWA, an individual, | ) ) ) | CIVIL NO. 10-00504 JMS/LEK |
| Plaintiff, | ) ) | ORDER GRANTING IN PART AND DENYING IN PART |
| vs. | ) ) ) | DEFENDANT CREATIVE FINANCIAL, INC.'S MOTION TO DISMISS |
| INDYMAC BANK, F.S.B., a Business Entity, form unknown; CREATIVE FINANCIAL, INC., a Business Entity, form unknown; FIRST AMERICAN TITLE CO., a Business Entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Business Entity, form unknown; CAL-WESTERN RECONVEYANCE CORP.; and DOES 1-100 inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. _____ | ) ) ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CREATIVE FINANCIAL, INC.'S MOTION TO DISMISS**

**I. INTRODUCTION**

On September 1, 2010, Plaintiff Lorelei Aki Sakugawa ("Plaintiff")

filed this action against Defendants IndyMac Bank F.S.B. ("IndyMac"), Creative

Financial, Inc. ("Creative Financial"), First American Title Co., and Mortgage

Electronic Registration Systems, Inc. (collectively, "Defendants") alleging federal

and state law claims stemming from a mortgage transaction concerning real

property located at 15 Kulanihakoi Street, 20-A, Kihei, HI 96753 (the "subject property").

Currently before the court is Creative Financial's Motion to Dismiss, in which it argues that Plaintiff has failed to state any cognizable violation of federal law and that the court lacks subject matter jurisdiction over Plaintiff's state law claims. Based on the following, the court GRANTS in part and DENIES in part Creative Financial's Motion to Dismiss.

## II. BACKGROUND

### A. Factual Background

As alleged in the Complaint, on October 12, 2006, Plaintiff entered into a loan repayment and security agreement with IndyMac, *see* Compl. ¶ 3, and Plaintiff's claims stem from the consummation of this transaction. For example, Plaintiff asserts, among other things, that (1) IndyMac qualified Plaintiff for a loan which it knew that Plaintiff was not qualified for and could not repay, *id.* ¶ 28; (2) the terms of the transaction were not clear and Defendants never explained the transaction to her, *id.* ¶¶ 22, 31; (3) the loan was more expensive than alternative financing arrangements for which Plaintiff was qualified, *id.*; and (4) Defendants charged excessive fees. *Id.* ¶ 33.

**B.     Procedural Background**

On September 1, 2010, Plaintiff filed her Complaint alleging claims

titled (1) Declaratory Relief; (2) Injunctive Relief; (3) Contractual Breach of

Implied Covenant of Good Faith and Fair Dealing; (4) Violation of TILA, 15

U.S.C. § 1601, et seq., (5) Violation of Real Estate Settlement and Procedures Act;

(6) Rescission; (7) Unfair and Deceptive Business Act Practices; (8) Breach of

Fiduciary Duty; (9) Unconscionability; (10) Predatory Lending; (11) Quiet Title;

and (12) Lack of Standing; Improper Fictitious Entity.

On September 23, 2010, Creative Financial filed its Motion to

Dismiss.  Plaintiff did not file an Opposition.  Pursuant to Local Rule 7.2(d), the

court determines this Motion without a hearing.

### III.  <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss

a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic

Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans

Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must

accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 1950.

## IV. <u>DISCUSSION</u>

Creative Financial argues that Plaintiff's federal claims are time-barred and/or fail to state a claim, and there is no diversity of citizenship between the parties to support jurisdiction over the state law claims such that the court should decline jurisdiction over them. The court addresses these arguments in turn

### A.    Federal Claims

While not alleged as separate claims, the Complaint asserts in wholly conclusory fashion that Defendants violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), the Real Estate Settlement Practices Act, 12 U.S.C. § 2601 et seq. ("RESPA"), the Equal Opportunity Credit Act, 15 U.S.C. § 1691 et

seq. ("EOCA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

("FDCPA"), and the Federal Trade Commission Act, 15 U.S.C. § 41 et seq.

("FTCA").  Compl. ¶¶ 12, 43.  Plaintiff's mere reference to these federal statutes is

insufficient to state a claim upon which relief can be granted -- for each federal

statute, Plaintiff must actually explain what allegations support a violation.  Putting

aside Plaintiff's complete failure to allege the factual basis for violations of each of

these statutes, however, Creative Financial argues, and the court agrees, that

Plaintiff's claims (to the extent alleged) fail for the following reasons.

### 1.    *Rescission Pursuant to the Truth in Lending Act*

As to Plaintiff's claim for rescission pursuant to TILA, TILA provides

a right to rescind a loan transaction "until midnight of the third business day

following the consummation of the transaction or the delivery of the information

and rescission forms required under this section together with a statement

containing [the required material disclosures.]"  15 U.S.C. § 1635(a).  If the

required disclosures are not provided, however, the right to rescission expires

"three years after the date of consummation of the transaction or upon the sale of

the property, whichever occurs first[.]"  15 U.S.C. § 1635(f).[1]  Section 1635(f) is

an absolute statute of repose barring "any [TILA rescission] claims filed more than

---

[1]  A transaction is "consummated" when a consumer becomes contractually obligated.
*See Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989) (citing 12 C.F.R. § 226.2(a)(13)).

three years after the consummation of the transaction." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) (citing *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986)).  As such, the three-year period is not subject to equitable tolling.  *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (stating that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period," even if a lender failed to make the required disclosures).

Plaintiff's TILA claim for rescission is based on the October 12, 2006 loan transaction, and Plaintiff filed this action almost four years later.  Given that equitable tolling cannot apply to this claim, any amendment would be futile.  The court therefore DISMISSES Plaintiff's claim for rescission pursuant to TILA against Creative Finance as time-barred without leave to amend.

### 2. *Damages Pursuant to the Truth in Lending Act*

As to Plaintiff's TILA claim seeking damages, TILA provides that any claim for damages must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  For violations of TILA's disclosure requirements, this one-year period generally begins to run from the date of consummation of the loan.  *King*, 784 F.2d at 915.  Equitable tolling may nonetheless apply in certain circumstances:

> [T]he limitations period in Section 1640(e) runs from the
> date of consummation of the transaction but . . . the

6

doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action.  Therefore, as a general rule the limitations period starts at the consummation of the transaction.  The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly.

*Id.*

On its face, Plaintiff's TILA claim for damages, brought almost four years after the loan transaction, is time-barred unless equitable tolling may apply. The Complaint asserts only that the statute of limitations was tolled "due to Defendants' failure to effectively provide the required disclosures and notices." Compl. ¶ 65.  This allegation is insufficient to satisfy equitable tolling, however, because even if true, it established no more than the TILA violation itself.  *See, e.g.*, *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 906 (C.D. Cal. 2009) ("[T]he mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations."); *Jacob v. Aurora Loan Servs.*, 2010 WL 2673128, at *3 (N.D. Cal. July 2, 2010) ("Plaintiff cannot rely on the same factual allegations to show that Defendants violated federal statutes and to toll the limitations periods that apply to those statutes.  Otherwise, equitable tolling would

apply in every case where a plaintiff alleges violations of TILA . . . and the statutes

of limitations would be meaningless.").

        In other words, the Complaint pleads no facts indicating that

Defendants prevented Plaintiff from discovering the alleged TILA violation or

caused Plaintiff to allow the filing deadline to pass.  *See, e.g.*, *O'Donnell v. Vencor*

*Inc.*, 466 F.3d 1104, 1112 (9th Cir. 2006) ("Equitable tolling is generally applied in

situations 'where the claimant has actively pursued his judicial remedies by filing a

defective pleading during the statutory period, or where the complainant has been

induced or tricked by his adversary's misconduct into allowing the filing deadline

to pass.'") (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

For example, the Complaint fails to include any allegations explaining what actions

Defendants took to prevent Plaintiff from discovering the TILA violations, how

those actions prevented Plaintiff from discovering the alleged TILA violations, and

when Plaintiff actually learned of the TILA violations.  Without any factual

allegations that support the inference that Plaintiff did not have a reasonable

opportunity to discover the TILA violations, the Complaint, even when liberally

construed, does not support that the statute of limitations should be tolled.  *See Von*

*Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir.

2010) (granting leave to amend complaint to allege lack of reasonable notice to

establish diligence where the facts alleged did not foreclose lack of reasonable notice as a matter of law); *see, e.g.*, *Qureshi v. Countrywide Home Loans, Inc.*, 2010 WL 841669, at \*6 (N.D. Cal. Mar. 10. 2010) (dismissing TILA claim for damages where no facts were alleged to justify application of equitable tolling); *Yang v. Home Loan Funding, Inc.*, 2010 WL 670958, at \*6 (E.D. Cal. Feb. 22, 2010) (denying motion to dismiss where "the allegations provide sufficient information as to the reason that notice of the violation(s) was not available at the time the loan agreements were consummated"); *Jozinovich v. JP Morgan Chase Bank, N.A.*, 2010 WL 234895, at \*4 (N.D. Cal. Jan. 14, 2010) (dismissing claim for TILA damages where plaintiff failed "to allege how the true terms of the loan differ from representations made to him, or why he was unable to discover such discrepancies earlier").

Accordingly, the court DISMISSES Plaintiff's TILA claim for damages against Creative Financial with leave to amend.

### 3.   *Real Estate Settlement Practices Act*

The statute of limitations for a RESPA claim is either one or three years from the date of the violation, depending on the type of violation. Specifically, 12 U.S.C. § 2614 provides:

> Any action pursuant to the provisions of section 2605,
> 2607, or 2608 of this title may be brought in the United

States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation . . . .

While the Ninth Circuit has not addressed the precise issue, other courts have found that equitable tolling may apply to a RESPA claim. *See, e.g.*, *McGinley v. Am. Home Mortg. Servicing, Inc.*, 2010 WL 4065826, at *7 (W.D. Wash. Oct. 15, 2010); *Palestini v. Homecomings Fin., LLC*, 2010 WL 3339459, at *4 (S.D. Cal. Aug. 23, 2010); *Bonner v. Select Portfolio Servicing, Inc.*, 2010 WL 2925172, at *12 (N.D. Cal. July 26, 2010).

As stated above for Plaintiff's TILA claim for damages, Plaintiff brought this action well past either the one- or three-year statute of limitations for RESPA violations and the Complaint includes no allegations suggesting that equitable tolling may apply. The court therefore DISMISSES Plaintiff's RESPA claim against Creative Financial with leave to amend.

### 4. *Equal Opportunity Credit Act*

In general, a plaintiff alleges an EOCA violation by asserting that "(1) she is a member of a protected class; (2) she applied for credit with defendants; (3) she qualified for credit; and (4) she was denied credit despite being

10

qualified." *Hafiz v. Greenpoint Mortg. Funding, Inc*., 652 F. Supp. 2d 1039, 1045 (N.D. Cal. 2009).  A claim for violation of EOCA must be brought no later than two years "from the date of occurrence of the violation," 15 U.S.C. § 1691e(f), but equitable tolling may apply to an ECOA claim under certain circumstances.  *See Hafiz*, 652 F. Supp. 2d at 1045.[2]

As explained above, the Complaint includes no allegations indicating that equitable tolling applies.  The court therefore DISMISSES Plaintiff's EOCA claim against Creative Financial with leave to amend.

### 5.     *Fair Debt Collection Practices Act*

The FDCPA prohibits various collection practices by "debt collectors" to, among other things, "eliminate abusive debt collection practices."  *See* 15 U.S.C. § 1692(e) (describing the purpose of the FDCPA).  The FDCPA defines a

---

[2] At least one court has found that an EOCA claim may be subject to the continuing violation doctrine, which provides that "where a plaintiff challenges an ongoing discriminatory practice rather than an isolated incident of conduct, and the practice continues into the limitations period, the complaint is timely if filed within the statutory period from the last occurrence of the practice."  *See Taylor v. Accredited Home Lenders, Inc.*, 580 F. Supp. 2d 1062, 1065 (S.D. Cal. 2008) (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380-81 (1982)). *Taylor* found that each mortgage statement is a violation of EOCA where the plaintiff asserts that the mortgage payment was improperly inflated by a discretionary pricing policy.  *Id.* at 1066; *see also Ramirez v. GreenPoint Mortg. Funding, Inc*., 633 F. Supp. 2d 922, 929-30 (N.D. Cal. 2008).  Other courts, however, have found that where the allegedly wrongful act is the issuance of the loans, subsequent payments made pursuant to the loans are not new violations in their own right and therefore are not subject to the continuing violation doctrine.  *Hernandez v. Sutter W. Capital*, 2010 WL 3385046, at *3 (N.D. Aug. 26, 2010) (collecting cases).  The court agrees with the reasoning of these latter courts; because Plaintiff is asserting an EOCA violation based on the issuance of the mortgage loan, the continuing violation doctrine does not apply.

"debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.  For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.
> . . .

15 U.S.C. § 1692a(6).  To be liable for a violation of the FDCPA, the defendant must, as a threshold requirement, be a "debt collector" within the meaning of the FDCPA.  *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995).

Creative Financial asserts that it is not a "debt collector" as contemplated by the FDCPA because -- as even Plaintiff alleges in her Complaint -- Creative Financial is a "mortgage broker."  A mortgage broker does not fall within the FDCPA's definition of "debt collector."  *See Walker v. Equity 1 Lenders*, 2010 WL 234942, at *5 (S.D. Cal. Jan. 12, 2010) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the

consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."); *Maguire v. Citicorp. Retail Svcs.*, 147 F.3d 232, 236 (2d Cir. 1998) (stating that the FDCPA does not apply to creditors)); *see also Green v. Alliance Title*, 2010 WL 3505072, at *18 (E.D. Cal. Sept. 2, 2010) ("The definition [of debt collector] explicitly excludes creditors as well as loan originators or assignees who obtained the right to collect on loan when it was not in default.").[3]

Because Creative Financial was not a "debt collector" as contemplated by the FDCPA, the court DISMISSES Plaintiff's FDCPA claim without leave to amend.

### 6.   *Federal Trade Commission Act*

The FTCA prohibits "unfair or deceptive acts or practices in or affecting commerce."  15 U.S.C. § 45(a)(1).  The FTCA vests remedial power solely in the Federal Trade Commission and does not grant a private cause of action.  *See* 15 U.S.C. § 45(a)(2); *see also Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973) ("The protection against unfair trade practices afforded by the Act vests initial remedial power solely in the Federal Trade Commission.");

---

[3]  While some courts have recognized that a "debt collector" may encompass a party that seeks to enforce a security interest through foreclosure, *see Wilson v. Draper & Goldberg*, 443 F.3d 373, 376-77 (4th Cir. 2006); *Selby v. Bank of Am.*, 2010 WL 4347629 (S.D. Cal. Oct. 27, 2010), the Complaint asserts that Creative Financial was merely the mortgage broker.

*Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981) (finding that "private litigants may not invoke the jurisdiction of the federal district courts by alleging that defendants engaged in business practices proscribed by § 5(a)(1)."); *Diessner v. Mortg. Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1191 (D. Ariz. 2009) (stating that "there is no private right of action under the FTCA").

Accordingly, Plaintiff cannot assert a cause of action for violation of the FTCA.  The court therefore DISMISSES Plaintiff's FTCA claim without leave to amend.

**B.     State Law Claims**

Creative Financial argues that only state law claims remain such that the court should decline jurisdiction over them.  It is true that both Plaintiff and Creative Financial are Hawaii citizens such that *if* only state law claims remain, the court may use its discretion to decline jurisdiction pursuant to 28 U.S.C. § 1367.  Creative Financial ignores, however, that while the court's reasoning to dismiss Plaintiffs' federal claims as to Creative Financial may apply to the federal claims against the other Defendants as well, Creative Financial's Motion to Dismiss is only as to Creative Financial and the other Defendants in this action have not sought to dismiss the federal claims alleged against them.  Further, as described above, Plaintiff may be able to amend her Complaint to allege claims for

14

violation of TILA seeking damages, RESPA, and EOCA.  The court therefore

DENIES Creative Financial's Motion to Dismiss the state law claims.

## V.  <u>CONCLUSION</u>

Based on the above, the court GRANTS in part and DENIES in part

Creative Financial's Motion to Dismiss.   Plaintiff is GRANTED LEAVE to file a

first amended complaint by December 20, 2010 alleging claims against Creative

Financial for violation of TILA seeking damages, RESPA, and EOCA.  Given the

analysis above, however, the court finds that granting Plaintiff leave to allege

violations of TILA seeking rescission, the FDCPA, and the FTCA would be futile

because these claims fail as a matter of law.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 24, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Sakugawa v. IndyMac Bank F.S.B., et al.*, Civ. No. 10-00504 JMS/LEK, Order Granting in Part and Denying in Part Creative Financial, Inc.'s Motion to Dismiss